# CIRCUIT COURT OF BALTIMORE CITY.

Filed July 13, 1926.

See: Scott vs. Marden, 153 Md. 1; 153 Md. 14; Marden vs. Scott, 154 Md. 414; 154 Md. 426.

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES

VS.

WILLIAM G. SCOTT, ETC., EXECUTORS, ET AL.,

THE TRAVELERS INSURANCE COMPANY

VS.

SAME.

*John Phelps* for plaintiff.

*Keech, Deming & Carman* for defendants.

FRANK, J.—

These two cases present identical questions as to alleged assignments of life insurance policies upon the life of the late Wm. H. Scott. The claim thereto of Margaret Marden arises out of an alleged assignment thereof to her as follows:

"November 25, 1918.

I bequeathe to Margaret Marden all money in bank in my name, also personal belongings, furniture in storage, etc., in my name; also policies, Travelers, $5,000; Equitable, $5,000, policies in safe deposit.

WM. H. SCOTT,
VIRGINIA GUM."

Nov., 1918.

Mrs. Marden's answers and cross bills allege the execution of this paper and delivery thereof to her by Mr. Scott. Its sufficiency to operate as an assignment of the policies therein referred to is disputed by the demurrers filed by the defendants in the above entitled cases.

It is impossible to assign to the word "bequeathe," which is the operative word in the instrument above set forth, a meaning importing a present effective assignment. Its technical meaning is solely testamentary and its popular use in its legal sense is so extensive as to render it unlikely that a man of Mr. Scott's knowledge and experience could have mistaken its significance and effect. As the instrument has only one witness, it cannot operate as a will.

Proper allegations might set forth situations in which:

(a) Mrs. Marden has acquired a contractual right to the proceeds of the policies; or

(b) The beneficiaries named in the respective policies may be held to be trustees thereof for her benefit.

Coyne vs. Supreme Conclave 106 Md. 54; Clark vs. Callahan, 105 Md. 600, 615, and see note to this case in 10 L. R. A. (N. S.) 616.

(a) The allegations of the answer and cross bill do not state an agreement on the part of Mr. Scott to execute the paper writing as an assignment to her of the policies. It is averred that it was intended to be the memorandum of an agreement by Scott to compensate Mrs. Marden for her services to him. This it obviously is not. It states no consideration for its execution. It purports to be a bequest made entirely without *quid pro quo*. If it were alleged that it was executed pursuant to agreement as compensation for services an entirely different situation would be presented.

(b) No case is made out for holding that the beneficiaries named in the policies are trustees thereof for Mrs. Marden. Reference is made to her bill of complaint filed in her case against William G. Scott et al., in this Court. To incorporate all of its allegations in the answers and cross bills now under consideration would render the latter multifarious, even assuming that such incorporation will result from the reference thereto.

The demurrers in both cases will be sustained with leave to amend in thirty days and orders to this effect will be signed.